```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARL KHANDALAVALA, II,

                Plaintiff,

-against-

PENNY K. SANDHU, et al.,

                Defendants.

25-CV-01630 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Before the Court is Defendant Jus Punjabi LLC's ("Jus Punjabi") motion to transfer venue of this action to the Eastern District of New York, pursuant to 28 U.S.C. § 1404 and Rule 7087 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Dkt. No. 3.

    The Court hereby GRANTS Jus Punjabi's motion to transfer venue for the reasons stated herein and substantially for the reasons set forth by Jus Punjabi in its papers.

## BACKGROUND

    Plaintiff initiated this action in New York Supreme Court for New York County on October 20, 2023, alleging several state law claims, including breach of contract, related to a certain settlement agreement between Plaintiff and Jus Punjabi, to which Defendant Penny K. Sandhu is an obligor and/or guarantor. *See* Dkt. Nos. 1-5 (complaint), 1-7 (settlement agreement between Plaintiff and Jus Punjabi), 1-8 (addendum to settlement agreement), 1-9 (Sandhu's guarantee). On June 10, 2024, the New York Supreme Court granted Plaintiff's motion for summary judgment on default, based on Jus Punjabi and Sandhu's failure to appear. *See* Dkt. Nos. 1-11 & 1-12. Plaintiff is now seeking to collect on that judgment, both from Jus Punjabi and from Sandhu as guarantor.

    On December 11, 2024, Jus Punjabi, along with two other entities, filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. *See* Dkt. No. 1 ("Notice of Removal") ¶ 1. Pursuant to Bankruptcy Rule 9027(a)(2), Jus Punjabi timely removed this action on February 26, 2025. *See id.* ¶ 11; Fed. R. Bankr. P. 9027(a)(2); 28 U.S.C. § 1452.

    That same day, Jus Punjabi moved to transfer venue to the Eastern District of New York, so that this matter can then be transferred to the Bankruptcy Court. *See* Dkt. No. 3.[1] Sandhu

---

[1] The Court shall refer to the following materials in support of and in opposition to the motion to transfer venue as follows: Dkt. No. 4 ("Mot."), Dkt. No. 9 ("Opp."), Dkt. No. 11 ("Reply").

later joined in the motion to transfer. *See* Dkt. No. 10. Plaintiff has objected to both the removal and the transfer. *See* Dkt. No. 9.

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"), a district court may transfer any civil action to any other district where the action could have been initially brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Where the matter is sufficiently related to a bankruptcy proceeding, "[a] district may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412 ("Section 1412"). The decision to transfer venue is within a court's discretion based on an individualized case-by-case analysis of convenience and fairness. *See, e.g.*, *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990) (analogizing adjudication under 28 U.S.C. § 1404) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)); *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) ("The decision to transfer venue is within the discretion of the court, as evidenced by the use of the permissive 'may' in § 1412."). "Section 1412 is written in the disjunctive, meaning that each of the two prongs—'in the interest of justice' or 'for the convenience of the parties'—constitutes an independent ground for transferring venue." *In re Patriot Coal Corp.*, 482 B.R. 718, 738-39 (Bankr. S.D.N.Y. 2012). As the movant, Jus Punjabi bears the burden of establishing that transfer is warranted by clear and convincing evidence. *See N.Y. Marine & General Ins. Co. v. Lafarge North Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010). "In other words, the movant must make 'a strong showing that the balance of convenience and interest of justice weigh heavily in favor of transfer.'" *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 466 (S.D.N.Y. 2020) (quoting *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 537 (S.D.N.Y. 2014)). "District courts have broad discretion in making determinations of convenience under Section 1404(a), and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). When making such a determination, courts consider the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*See Everest Cap. Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002); *D.H. Blair & Co.*, 462 F.3d at 106–07 (quoting *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (alteration in original)).

Plaintiff does not consent to transfer, but the nature of his opposition is unclear. His two-page opposition, stylized as a "Reply Affirmation" by Plaintiff's counsel, is filed as an "objection to statement of relatedness" and alleges, in sum, that transferring the action would prevent him from enforcing the state court judgment entered against Sandhu. *See* Opp. ¶¶ 3–6.

Contrary to Plaintiff's assertions, transferring this action would not "remov[e] . . . the award granted by the [state] [c]ourt." *See id.* ¶ 6.

As argued by Jus Punjabi in its reply, it appears Plaintiff misapprehends the nature of Chapter 11 bankruptcy proceedings. *See* Reply ¶ 2. Transferring this action would not eliminate Sandhu's personal guarantee, even if this action is ultimately consolidated with the bankruptcy proceedings involving Jus Punjabi, since such proceedings cannot relieve the obligations of Sandhu as a non-debtor. *See generally Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024).

To the extent Plaintiff argues that this action is unrelated to the Jus Punjabi bankruptcy proceedings, such arguments are also incorrect. *See* Opp. ¶ 5. Under 28 U.S.C. § 1334(b), a federal district court has original jurisdiction to hear "all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). An action is a "related proceeding" under title 11 if "the outcome of the action could conceivably have any effect on the estate being administered in bankruptcy." *See Drexel Burnham Lambert Grp. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991); *Bevilacqua v. Bevilacqua*, 208 B.R. 11, 14 (E.D.N.Y. 1997). Plaintiff's judgment against Defendants could conceivably affect Jus Punjabi's bankruptcy proceedings, since (i) enforcing the judgment against Jus Punjabi itself would necessarily affect the administration of the estate and distribution of the assets of the estate; and (ii) enforcing the judgment against Sandhu could also affect the administration of the Jus Punjabi estate and its assets because Sandhu is the founder and majority shareholder of Jus Punjabi. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("[T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." (internal marks omitted) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))); Dkt. No. 1-7 (settlement agreement between Plaintiff and Jus Punjabi).

In light of the above, and substantially for the reasons set forth by Jus Punjabi in its papers, the Court finds that Jus Punjabi has shown, by clear and convincing evidence, that the removal of the underlying action to this Court was appropriate, and the balance of convenience and the interest of justice weighs in favor of transferring this action to the Eastern District of New York, so that it may be transferred to the Bankruptcy Court in that District.

## CONCLUSION

The Court GRANTS the motion to transfer venue. The Clerk of Court is directed to transfer this action to the Eastern District of New York and to terminate the action in this Court.

Dated: March 17, 2025
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge